**William I. BARTON, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

No. 92–3630.

United States Court of Appeals, Federal Circuit.

Feb. 5, 1993.

Mary L. Jennings, Acting Gen. Counsel, David C. Kane, Asst. Gen. Counsel and Stephanie M. Conley, Atty., Merit Systems Protection Bd., of Washington, DC, were on the motion to reform caption and to extend time.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Hillary A. Stern, Atty., Commercial Litigation Branch, Dept. of Justice, of Washington, DC, were on the opposition to the Merit Systems Protection Board's motion to reform the caption.

Paul P. Vangellow, Falls Church, VA, was on the opposition to the Merit Systems

Protection Board's motion to reform the caption.

## ON MOTION
Before PLAGER, Circuit Judge.

### ORDER

The Merit Systems Protection Board moves to reform the caption to have the Board designated as respondent. The Department of Justice, the present respondent, opposes. William I. Barton opposes.

This matter stems from Barton's individual right of action (IRA) proceeding before the Board alleging that the Drug Enforcement Administration suspended him for three days in reprisal for whistle-blowing activities. In the Administrative Judge's (AJ) second decision,[*] she determined that two of the documents were grievances and not within the Whistleblower Protection Act and that five other documents did not contain protected disclosures under the Whistleblower Protection Act. On this basis, the AJ dismissed Barton's appeal for lack of jurisdiction.

All of the parties rely on *Spruill v. Merit Sys. Protection Bd.*, 978 F.2d 679 (Fed. Cir.1992) to support their positions regarding the proper respondent. The Board argues that this is a clear case of dismissal based on lack of jurisdiction, not a failure to state a claim. Justice and Barton argue that there exists a state of facts that determined not only jurisdiction, but also the merits of the case and, thus, the agency is the proper respondent under *Spruill*.

Justice and Barton are correct. The AJ's determination that the documents she considered did not contain protected disclosures was a determination that the appeal failed to state a claim upon which relief could be granted. *Spruill*, 978 F.2d at 686. Indeed, when the Board remanded the case to the AJ it stated that the AJ "may now properly assert jurisdiction over this appeal." On remand, the AJ determined that Barton failed to prove all of the statutory

---

[*] In her first decision, the AJ determined that the Board lacked jurisdiction because Barton had not sought corrective action of this matter with the Office of Special Counsel. The Board re-manded to the AJ stating, "[t]he Board may now properly assert jurisdiction over this appeal [because] ... this matter has first been pursued with the Office of Special Counsel."

elements of his claim. Like the examples set forth in *Spruill*, this was a determination on the merits, not a jurisdictional ruling. *Spruill*, 978 F.2d at 687. With regard to the AJ's determination that five of the submitted documents did not contain protected disclosures, the AJ should have denied corrective action, rather than dismissing Barton's claim. Because this was, in part, a determination on the merits, the agency is the proper respondent.

Accordingly,

IT IS ORDERED THAT:

(1) The Board's motion to reform the caption is denied.

(2) Barton's brief is due within 30 days.